UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-193-BR

| | |
|---|---|
| ANTHONY BUSSIE,<br>TARON BUSSIE,<br><br>           Plaintiffs,<br><br>    v.<br><br>CONGRESSMAN JOHN BOEHNER,<br><br>           Defendant. | <u>ORDER</u> |

This matter is before the court on plaintiff Anthony Bussie's ("Anthony") motion to reopen and for reconsideration filed 18 August 2014. (DE # 7.)

On 23 April 2014, pursuant to the "three strikes" provision of the Prison Litigation Reform Act, the court dismissed without prejudice Anthony's claims. (DE # 3.) On 21 May 2014, the court dismissed without prejudice plaintiff Taron Bussie's claims for failure to prosecute and directed the Clerk to close this case. That same day, the Clerk entered judgment. Neither plaintiff filed a notice of appeal from that judgment.

Now, Anthony appears to "object" to the court's earlier determination that he is not under imminent danger of serious physical injury (so as to permit him to proceed without prepayment of the filing fee). (Mot., DE # 7, at 1.) He advances no ground under Federal Rule of Civil Procedure 60(b) which would permit the court to reopen or reconsider its earlier ruling. See Aikens v. Ingram, 652 F.3d 496, 502 (4th Cir. 2011) ("[A] Rule 60(b) motion is not designed to serve as an alternative for an appeal."); Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 870 (4th Cir. 1999) ("Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." (internal quotation marks and citation omitted)). And, to the extent the motion

could be deemed based on Rule 59(e), it is untimely as it was filed more than 28 days after entry of the judgment.

The motion to reopen and for reconsideration is DENIED.

This 21 August 2014.

                                              W. Earl Britt
                                              Senior U.S. District Judge

2

Case 5:14-cv-00193-BR   Document 8   Filed 08/21/14   Page 2 of 2